UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LLOYD GEORGE MAXWELL, | ) | CASE NO. 4:05 CV 1543 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ELKTON FEDERAL CORRECTIONAL | ) | AND ORDER |
| INSTITUTION DENTAL | ) | |
| DEPARTMENT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

On June 3, 2005, plaintiff pro se Lloyd George Maxwell filed this action against the Elkton

Federal Correctional Institution ("FCI-Elkton") Dental Department, Dentist Charles Houck, and Warden

T.R. Sniezek.  In the complaint, plaintiff alleges that the defendants have been deliberately and negligently

indifferent to his dental needs.  He seeks monetary and injunctive relief.

### Background

Mr. Maxwell is an inmate incarcerated at FCI-Elkton.  He contends that he is missing four

lower posterior teeth which makes it difficult for him to properly chew his food.  He indicates that

impressions for a partial plate were taken in July 2001.  He was told he would be called when the dentures

were ready, but did not receive a call.  He sent a request to the dental department in July 2003, inquiring about the status of his partial plate and indicating he was having great difficulty eating his food.  Mr. Maxwell claims he received no reply.  He states he began to file administrative grievances in June 2004. His request for a partial denture was denied by Dr. Houck.  That decision was upheld by Warden T.R. Sniezek, and the Bureau of Prisons Regional and National Offices.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, Mr. Maxwell's civil rights claims against Warden T.R. Sniezek and the FCI-Elkton Dental Department, and his claims under the Federal Tort Claims Act are dismissed pursuant to §1915(e).

**Federal Tort Claims Act**

Mr. Maxwell states he is bringing this action "under Federal Rules and Civil Tort Claims Act, in violation [sic] of his Eighth Amendment Constitutional Right."  (Compl. at 5.)  The Federal Tort

---

[1]    An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Claims Act provides the exclusive jurisdictional basis for tort claims alleging negligence by a federal employee. 28 U.S.C. § 1346. These claims are asserted solely against the United States, not the individual employee or agency. Good v. Ohio Edison Co., 149 F.3d 413, 418 (6th Cir. 1998); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990). Dr. Houck, FCI-Elkton, and Warden Sniezek could not be held liable for damages. Moreover, before a party may bring such an action, the claim must first be submitted to the proper federal agency. 28 U.S.C. § 2675(a). The claimant must give the agency written notice of his tort claim and place a monetary value on it. Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981). While Mr. Maxwell includes documents showing he filed administrative grievances relative to his claim, there is no indication that he filed a notice of his tort claim or that he placed a value on his damages. His claims under the Federal Tort Claim Act are dismissed without prejudice.

**Bivens**

Mr. Maxwell also asserts that his Eighth Amendment rights were violated. Because the Constitution does not directly provide for damages, plaintiff must proceed under a legal theory which authorizes an award of damages for alleged constitutional violations. Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999). As no other cause of action appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the court construes these claims as arising under Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

The FCI-Elkton Dental Department is not a proper defendant in a Bivens action. A Bivens claim may be brought only against an individual defendant. Claims may not be brought against a federal agency. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Okoro v. Scibana, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003)(stating that a federal prisoner

3

can not bring a <u>Bivens</u> action against the Bureau of Prisons).

Furthermore, Mr. Maxwell cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976); <u>Mullins v. Hainesworth</u>, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). He claims Warden Sniezek and Dr. Houck are liable because they denied his grievances. Responding to a grievance or participating in the grievance procedure, alone, is insufficient to trigger liability for a constitutional violation. <u>Shehee v. Luttrell</u>, 199 F.3d. 295, 300 (6th Cir. 1999). There are no other allegations in the complaint which suggest Warden Sniezek was directly involved in the Mr. Maxwell's dental care. The same cannot be said for Dr. Houck. The complaint suggests decisions concerning the replacement of the plaintiff's teeth were made by the "FCI Staff Dentist." While it is not clear whether Dr. Houck is the individual to whom Mr. Maxwell is referring, <u>pro se</u> pleadings are liberally construed, and that allegation is sufficient to suggest Mr. Maxwell may have an arguable claim against Dr. Houck.

## *Conclusion*

Accordingly, Mr. Maxwell's claims under the Federal Tort Claims Act are dismissed without prejudice. His <u>Bivens</u> claims against the FCI-Dental Department, and T.R. Sniezek are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.

4

Although Dr. Charles Houck remains as a defendant in this action, Mr. Maxwell has not provided summonses or U.S. Marshal forms for this individual.  Consequently, the Clerk's Office is unable to forward this matter to the U.S. Marshal for service.  Mr. Maxwell therefore is directed to provide two summonses and a U.S. Marshal form for this defendant, and two summonses and a U.S. Marshal form for the United States Attorney and the United States Attorney General within thirty (30) days of this order. He is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms.  The Clerk's Office is directed to mail sufficient summonses and U.S. Marshal forms to plaintiff with a copy of this order.  If plaintiff fails to provide the completed forms within the time period specified herein, the claim against these remaining defendants will be dismissed.

IT IS SO ORDERED.


Dated: August 17, 2005                         *s/   James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE